### Frank Harville v. The State.

No. 246.    Decided December 22, 1909.

**Incest—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where, upon trial for incest, the State's counsel commented on the fact that the woman with whom defendant was charged of having the incestuous intercourse had not been introduced as a witness by defendant, the record showing that she was an accomplice, and was jointly charged with the defendant in the commission of the offense, and the court failing to instruct the jury not to consider said argument, the same was reversible error; and the fact that the de-

fendant's counsel commented on the illegal statement of State's counsel did not cure the error. Ramsey, Judge, dissenting.

Appeal from the District Court of Red River. Tried below before the Hon. Ben. H. Denton.

Appeal from a conviction of incest; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*S. W. Harman* and *W. W. Johnson,* for appellant.—On question of argument by State's counsel that defendant had not used accomplice as a witness: Harville v. State, 54 Texas Crim. Rep., 426, 113 S. W. Rep., 283; Garland v. State, 51 Texas Crim. Rep., 643, 104 S. W. Rep., 898; Taylor v. State, 50 Texas Crim. Rep., 560, 100 S. W. Rep., 393; Weaver v. State, 65 S. W. Rep., 308; Jamison et al. v. U. S., 104 S. W. Rep., 872.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of incest and his punishment assessed at three years confinement in the penitentiary.

The former appeal in this case will be found in 54 Texas Crim. Rep., 426, 113 S. W. Rep., 283.

Bill of exceptions No. 1 shows that the district attorney in his opening argument to the jury made use of the following words, to wit: "Leta May Brotherton, the party who, the proof shows, was jointly indicted with the defendant in this cause, is not here. She is now living with defendant in his home, and seems to him that she could have been here and testify in this cause for the defendant. Why did the defendant not bring her here as a witness for himself in this cause?" To the above remarks the appellant objected for the following reasons: That the same is an indirect allusion to the failure of defendant to introduce his accomplice, the party who was jointly charged with him in the commission of the offense, calculated to prejudice the rights of the defendant, and the court in this identical case has said that it was improper conduct on the part of the district attorney to make such argument. Furthermore, that she was a party that could not be forced to testify for either side in this case. To the objection the court replied: "I want the record to show that the case against her has been dismissed." Defendant further objected that she would have a moral right and have a personal right to refuse to testify for any purpose, either for the State or for the defendant. This bill of exceptions is given with the following explanation: "The district attorney merely mentioned in his argument that the proof showed that Leta May Brotherton was still living with the defendant, which the proof did show, and it seemed to him that she

could have been present and testified in the case. When counsel for the defendant made their objection to this argument, and before they commenced their argument to the jury, I informed them in the presence of the jury that I would give a written charge, instructing the jury not to consider said remarks of the district attorney, but when defendant's counsel, both of them, addressed the jury they argued to the jury that the State ought to have had said witness, Leta May Brotherton, and the reason the State did not have her was because the State knew that defendant did not have intercourse with her, and that she would so swear, and made a lengthy argument along that line, as is shown by the court's refusal to give special charge asked by the defendant as to said remark of the district attorney; and for that reason I refused to instruct the jury not to consider the argument of the district attorney, after I had informed them that I would do so." The fact that the defendant commented upon an erroneous and an illegal statement made by the State's counsel would not cure the error of the State's counsel commenting upon a matter that the previous opinion of this court suggested should not be commented upon. The law of estoppel does not apply against appellant's counsel in arguing previous illegal and unwarranted statements of the district attorney. We expressly held in the former opinion of this court that this argument was illegal and the mere fact that appellant's counsel commented on it after it was made, as above stated, would not cure the error.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, Judge.—Under the circumstances, and in the light of the court's explanation, I think his action was justified, and in view of the facts disclosed, that the failure of the court to give the charge requested was not reversible error.